IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 18-01308-EAG13 |
|---|---|
| VICTOR AROCHO HERNANDEZ | Chapter 13 |
| | |
| xx-xx-5249 | |
| | |
| Debtor(s) | FILED & ENTERED ON FEB/21/2019 |

OPINION AND ORDER

On January 24, 2019 (Docket No. 44), the bankruptcy court granted in part a motion filed by Alina Marie Del Valle Aponte (Docket No. 28) seeking to amend the dismissal order to include a two-year bar to refile to the extent it sought to vacate the court's order dismissing the case (Docket No. 26).  The matter was then set for an evidentiary hearing on February 25, 2019 to determine whether a bar to refile should be imposed.  (Docket No. 44.)  The court set February 20, 2019 as the date for the marking of the exhibits at the Ponce courthouse.  Id.  An Order Setting Evidentiary Hearing was entered on January 31, 2019 (Docket No. 45), which required that the parties file a pre-hearing report seven days prior to the hearing.  The parties did not comply with this order.  On February 20, 2019, after the deadline to file the pre-hearing report had already expired, the movant requested a two-day extension to file the pre-hearing report and submit the proposed exhibits for the evidentiary hearing.  (Docket No. 51.)  If granted, this would extend the deadline to submit the pre-hearing report and proposed exhibits to 11:59 p.m. on Friday, February 22, 2019.  As the evidentiary hearing is set for 10:00a.m. Monday morning, the court finds this unreasonable, and notes that the movant did not include in her motion (Docket No. 51) any reason for the failure to comply timely with the court's orders.

Accordingly, the court denies the request to amend the dismissal order to include a two-year bar to refile contained within docket number 28 and dismisses the case. The hearing set for February 25, 2019 is hereby vacated and set aside. See In re Maurice, 21 F.3d 767, 773 (7th Cir. 1994)("When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction."); Wells Fargo Bank, N.A. v. Jaaskelainen, 407 B.R. 449, 455-56 (D. Mass. 2009) ("the bankruptcy court has broad discretion to make case-management decisions" that are reviewable under an abuse of discretion standard); Hill v. Porter Mem. Hosp., 90 F.3d 220, 224 (7th Cir. 1996) ("[i]n the absence of a compelling excuse, a [bankruptcy] court is well within its discretion to exclude untimely proffered evidence or testimony.").

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 21 day of February, 2019.

Edward A. Godoy
United States Bankruptcy Judge